**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

            Plaintiff,

vs.                                                Case No. 3:16-cv-921-J-34JRK

NASSAU BUILDERS, INC., a Florida
corporation, and CAPE SOUND ON
AMELIA ISLAND CONDOMINIUM
ASSOCIATION, INC., a Florida not for
profit corporation,

            Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

### I. Status

This cause is before the Court on Defendant Cape Sound on Amelia Island Condominium Association, Inc.'s ("the Association('s)") Motion to Dismiss Plaintiff's Complaint for Declaratory Relief or, in the Alternative, Motion to Stay and Memorandum of Law in Support (Doc. No. 8; "Motion"), filed August 22, 2016. Plaintiff Mid-Continent Casualty Company ("Plaintiff") responded in opposition to the Motion on September 7, 2016. See Response in Opposition to Cape Sound on Amelia Island Condominium Association, Inc.'s Motion to Dismiss Plaintiff's Complaint for Declaratory Relief or, in the Alternative, Motion to

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Stay and Memorandum of Law in Support (Doc. No. 9; "Response"). In addition, on November 14, 2016, a Notice of Filing Supplemental Authority (Doc. No. 23; "Notice") was filed by Plaintiff. The Motion was referred to the undersigned by the Honorable Marcia Morales Howard, United States District Judge, for the issuance of a report and recommendation regarding an appropriate resolution. See Order (Doc. No. 18), entered October 11, 2016. Upon consideration of the Motion, the file, and the applicable law, the undersigned recommends that the Motion be denied to the extent it seeks dismissal, but granted to the extent it seeks a stay of this matter.[2]

## II. Complaint

Plaintiff commenced this action on July 18, 2016 by filing a three-count Complaint against Nassau Builders and the Association pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 ("the Act" or "the Declaratory Judgment Act"). Compl. (Doc. No. 1) at 1 ¶ 1. According to the Complaint, Plaintiff seeks a determination of its "obligations, if any, to indemnify Nassau Builders for claims arising out of the construction of a condominium development in Nassau County, Florida." Id. The Association was included as "a necessary party to this action as its rights, if any, may be impacted by this Court's declaration." Id. at 10 ¶ 19. Relevant to the claims in this Court, Plaintiff issued three different contracts of insurance to Nassau Builders, each effective for one year, beginning August 15, 2006 and

---

[2] The second Defendant, Nassau Builders, Inc. ("Nassau Builders"), failed to timely respond to the Complaint altogether. Accordingly, on motion of Plaintiff (Doc. No. 10), the Clerk entered a default as to this Defendant on September 16, 2016 (Doc. No. 11).

ultimately ending August 15, 2009 (collectively, "the Policies"). Id. at 2 ¶ 7; see id. at Composite Ex. A (the Policies).[3]

"At issue in this matter are claims arising out of [the construction of] Cape Sound on Amelia Island Condominium" ("the Property"). Id. at 9 ¶ 12. In short, a developer for the Property contracted with Nassau Builders as the general contractor for buildings 1 through 11 (with a different general contractor constructing buildings 12 through 16). Id. at 10 ¶¶ 13-15. "After turnover of the Property to the Association and unit owners, various defects were allegedly discovered at the Property." Id. at 10 ¶ 16. Seeking to recover damages for the alleged defects, "[o]n May 14, 2015, the Association filed the operative Third Amended Complaint in the Circuit Court of the 4th Judicial Circuit in and for Nassau County, Florida, alleging breach of implied warranties, negligence and violation of building code against Nassau Builders, among others" ("the underlying action"). Id. at 10 ¶ 17; see also id. at Ex. B. Plaintiff "is currently defending Nassau Builders in the underlying action, subject to a full and complete reservation of rights." Id. at 10 ¶ 18.

With respect to the claims in this Court, in Count I, Plaintiff seeks a declaration "that [Plaintiff] has no obligation under the Policies to indemnify Nassau Builders in the underlying action for any damages that do not meet the definition of property damage." Id. at 11 (Wherefore clause). In Count II, Plaintiff seeks a declaration "that [Plaintiff] has no obligation under the Policies to indemnify Nassau Builders in the underlying action for any damages that did not occur during the policy periods of any of the Policies." Id. at 12 (Wherefore

---

[3] "The Policies were each issued with a limit of liability of $1,000,000 per occurrence and $2,000,000 in the aggregate." Compl. at 2 ¶ 7.

clause). Finally, in Count III, Plaintiff seeks a declaration "that [Plaintiff] has no obligation under the Policies to indemnify Nassau Builders in the underlying action for any of the alleged damages where one or more of the Policies' exclusions apply." Id. at 13 (Wherefore clause).

### III. Parties' Arguments

The Association moves to dismiss this matter, or alternatively to stay it pending resolution of the underlying action. Motion at 1, 10. In support of the requested relief, the Association advances two main arguments. First, the Association contends that "th[is] case is not ripe," so "any declaratory judgment issued by this Court would be an impermissible advisory opinion based on a hypothetical set of facts." Id. at 3 (citing Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-41 (1937)); see also id. at 6-8. Second, the Association urges that the Court should "decline to exercise its discretionary jurisdiction" under the Declaratory Judgment Act. Id. at 3; see also id. at 8-9. According to the Association, considering the pendency of the underlying action, "the exercise of federal jurisdiction over this dispute would risk unnecessary commitment of scarce judicial resources, duplicative expenditures by the parties, and inconsistent rulings at numerous litigation junctions." Id. at 3 (citing Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005)).

Responding, Plaintiff contends that under the Florida Supreme Court's decision in Higgins v. State Farm Fire & Casualty Co., 894 So. 2d 5, 12 (Fla. 2004), as well as subsequent state and federal cases interpreting Higgins, there exists a justiciable controversy making this matter ripe for determination. Response at 3-8. Additionally, Plaintiff argues that the Court should exercise its discretionary jurisdiction under the Declaratory Judgment Act

because weighing nine factors that are set forth in Ameritas for determining whether to exercise jurisdiction leads to the conclusion that the exercise of jurisdiction is appropriate. Id. at 8-13. (citing, e.g., Ameritas, 411 F.3d at 1330-31).

### IV.  Discussion

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).  The Act "confers a discretion on courts rather than an absolute right upon the litigant." Ameritas, 411 F.3d at 1330 (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995)).  A district court has "unique and substantial" discretion in deciding whether to hear an action brought under the Act. Wilton, 515 U.S. at 286.  This type of discretion "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) (quoting Rasbury v. IRS, 24 F.3d 159, 168 (11th Cir. 1994)); see also Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F.3d 71, 77 (11th Cir. 2013) (citation omitted).  "[T]he Supreme Court has warned against a 'rigid' and 'mechanical' approach in applying the Federal Declaratory Judgments Act," Manuel, 430 F.3d at 1135 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)), and has further "warned that 'gratuitous interference with the orderly and comprehensive disposition

of a state court litigation should be avoided,'" Ameritas, 411 F.3d at 1330 (internal alterations omitted) (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942)).[4]

"In all cases arising under the Declaratory Judgment Act, . . . the threshold question is whether a justiciable controversy exists." Atl. Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995) (citations omitted). "The difference between an abstract question and a controversy contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for

---

[4] Heeding these admonitions, the United States Court of Appeals for the Eleventh Circuit has provided the following non-exclusive factors for district courts to consider in determining whether to hear an action brought under the Declaratory Judgment Act when there is a parallel state proceeding:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"–that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case not otherwise removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Ameritas, 411 F.3d at 1331. Because, as explained below, the undersigned finds that this case is not appropriately decided until after the underlying action is over, the Court need not determine whether these factors warrant the exercise of permissive jurisdiction under the Act.

determining in every case whether there is such a controversy." GTE Directories Publ'g Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1567 (11th Cir. 1995) (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).  The district court asks "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (quoting Md. Cas. Co., 312 U.S. at 273).

"An insurer's duty to indemnify is narrower than the duty to defend and must be determined by analyzing the policy coverage in light of the actual facts in the underlying case." Diamond State Ins. Co. v. Boys' Home Ass'n, Inc., 172 F. Supp. 3d 1326, 1342 (M.D. Fla. 2016) (quoting J.B.D. Constr., Inc. v. Mid-Continent Cas. Co., 571 F. App'x 918, 927 (11th Cir. 2014)).  "As such, 'the duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims.'" Id. (internal alteration omitted) (quoting J.B.D. Constr., Inc., 571 F. App'x at 927); see also Mt. Hawley Ins. Co. v. Miami River Port Terminal, LLC, No. 15-cv-22405-GAYLES, 2017 WL 128704, at *8 (S.D. Fla. Jan. 6, 2017) (unpublished) (citation omitted); Burlington Ins. Co. v. Wilford Roofing Co., No. 3:13-cv-944-J-39MCR, 2015 WL 12546284, at *1 (M.D. Fla. Mar. 11, 2015) (unpublished) (collecting district court cases from districts within the Eleventh Circuit finding the same); Voeller Constr., Inc. v. Southern-Owners Ins. Co., No. 8:13-cv-3169-T-30MAP, 2015 WL 1169420, at *5 (M.D. Fla. Mar. 13, 2015) (unpublished).  There may be limited circumstances, however, in which an exception applies, such as if the "factual issues relevant to a decision" in the declaratory action will not overlap with those in the underlying action, see Diamond State Ins. Co., 172 F. Supp. 3d at 1342 (citing Higgins, 894 So. 2d at 16-17), or "[i]f

the allegations 'could under no circumstances' trigger the duty to indemnify," Meridian Constr. & Dev., LLC v. Admiral Ins. Co., 105 F. Supp. 3d 1331, 1338 n.45 (M.D. Fla. 2013) (quoting Northland Cas. Co. v. HBE Corp., 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001)); see also Mt. Hawley Ins. Co., 2017 WL 128704, at *8 (citation omitted).

Here, in light of the foregoing authority and the pendency of the underlying action, Plaintiff's requested relief of a declaration that it has no duty to indemnify Nassau Builders is premature. Plaintiff (failing in its Response to acknowledge most of the foregoing authority regarding the duty to indemnify, almost all of which was available at the time the Response was filed[5]) nevertheless urges the Court to hear this matter now, arguing:

> [T]he court can make a determination as to what extent the property damage claimed by the Association is to repair and replace Nassau [Builders'] defective work/defective product; whether such damages occurred during [Plaintiff's] policy periods; and whether the fungus, mildew and mold exclusion and the damage to work performed by subcontractors on your behalf exclusion preclude coverage for damages sought in the underlying action.

Response at 6-7. Because making these requested determinations would necessarily require factual development that would overlap with the underlying action, see Diamond State Ins. Co., 172 F. Supp. 3d at 1342, this is not a case in which an exception should apply.

In arguing that this case should proceed notwithstanding the underlying action, Plaintiff relies on Higgins, 894 So. 2d at 16-17, and a number of cases that follow Higgins. Response at 4-6; Notice. In Higgins, the Florida Supreme Court approved of a declaratory action even when it "requires a determination of the existence or nonexistence of a fact upon which the insurer's obligations under an insurance policy depend." Higgins, 894 So. 2d at 12; see also

---

[5] So too did the Association fail to acknowledge the bulk of the foregoing authority.

id. at 16-17. The Court in Higgins, however, was interpreting Florida's Declaratory Judgment Act, id. at 12, which is inapplicable to the instant matter, see Burlington Ins. Co., 2015 WL 12546284, at *2 (in a case arising under the Declaratory Judgment Act, stating that "[t]he Court does not believe that the Florida Supreme Court's decision in Higgins—a decision interpreting Florida's Declaratory Judgment Act—is relevant to the instant dispute"). For these reasons, and given the foregoing authority, Plaintiff's reliance on Higgins and cases following Higgins is inapposite.

### V. Conclusion

The undersigned finds that this declaratory action regarding Plaintiff's duty to indemnify Nassau Builders is premature. As for the Association's requested relief, the undersigned finds that a stay of this matter, rather than dismissal, is appropriate pending the outcome of the underlying action. See Diamond State Ins. Co., 172 F. Supp. 3d at 1342; Burlington Ins. Co., 2015 WL 12546284, at *2-3; Voeller Constr., Inc., 2015 WL 1169420, at *5.

In accordance with the foregoing, it is

**RECOMMENDED THAT**:

1. Defendant Cape Sound on Amelia Island Condominium Association, Inc.'s Motion to Dismiss Plaintiff's Complaint for Declaratory Relief or, in the Alternative, Motion to Stay and Memorandum of Law in Support (Doc. No. 8) be **GRANTED in part and DENIED in part**.

2. The Motion be **GRANTED** to the extent that it seeks a stay of this matter pending the outcome of the underlying action.

   3. The matter be stayed and administratively closed, with the parties being directed to file a status report advising the Court of the status of the underlying state court action within 90 days of the entry of an Order on this matter, and every 90 days thereafter.

   4. The Motion be **DENIED** in all other respects.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 31, 2017.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw

Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record