**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MID-CONTINENT CASUALTY
COMPANY,

        Plaintiff,

                                  Case No. 3:16-cv-921-J-34JRK

vs.

NASSAU BUILDERS, INC., et al.,

        Defendants.

_____

# <u>O R D E R</u>

      **THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 24; Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on January 31, 2017.  Cape Sound on Amelia Island Condominium Association, Inc. (the Association) filed a motion to dismiss, or in the alternative, to stay the instant action on August 22, 2016.  <u>See</u> Defendant Cape Sound on Amelia Island Condominium Association, Inc.'s Motion to Dismiss Plaintiff's Complaint for Declaratory Relief, or in the Alternative, Motion to Stay and Memorandum of Law in Support (Doc. 8; Motion).  Mid-Continent Casualty Company (Plaintiff) responded to the Motion on September 27, 2016.  <u>See</u> Response in Opposition to Cape Sound on Amelia Island Condominium Association, Inc.'s Motion to Dismiss Plaintiff's Complaint for Declaratory Relief, or in the Alternative, Motion to Stay and Memorandum of Law in Support (Doc. 9; Motion Response).  Plaintiff filed supplemental authority on November 14, 2016.  <u>See</u> Notice of Filing Supplemental Authority (Doc. 23).  The undersigned referred the Motion to Judge Klindt on October 11, 2016.  <u>See</u> Order (Doc. 18).  In the Report, Judge Klindt recommends that the Court

grant the Motion to the extent that it seeks a stay of this action pending resolution of a related state court action, Case No. 14-CA-000444-AXYX (the Underlying Action), and deny the Motion in all other respects.  See Report at 2, 9-10.  Plaintiff filed objections to the Report on February 13, 2017.  See Mid-Continent Casualty Company's Objections to Magistrate's Report and Recommendation on Motion to Dismiss or Stay Complaint for Declaratory Relief (Doc. 25; Objections).  Plaintiff separately filed Exhibit A to the Objections on February 22, 2017.  See Notice of Filing Supplemental Authority (Doc. 26; Supplement).  The Association responded to the Objections on February 27, 2017.  See Cape Sound on Amelia Island Condominium Association, Inc.'s Response to Mid-Continent Casualty Company's Objections to the Magistrate Judge's Report and Recommendation (Doc. 27; Objection Response).  The Association separately filed Exhibits A and B to the Response on February 17, 2017.  See Notice of Filing Supplemental Authority (Doc. 28).  Accordingly, this matter is ripe for review.

## I.      Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

**II.     Discussion**

In the Objections, Plaintiff challenges Judge Klindt's recommendation to stay this matter pending resolution of the Underlying Action on three principle bases.[1]   First, Plaintiff asserts that Judge Klindt failed to apply a balancing test and consider whether the Association met its alleged burden to show "either 'a clear case of hardship or inequity' if the case proceeds, or little possibility the stay will harm others."   See Objections at 4-5. Additionally, Plaintiff objects to Judge Klindt's decision not to discuss the factors set forth by the Eleventh Circuit in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005).   See Objections at 8-10.   Last, Plaintiff contends that Judge Klindt improperly rejected Higgins v. State Farm Fire & Cas. Co., 894 So. 2d 5 (Fla. 2004) on the basis that its holding does not bind a court applying the federal Declaratory Judgment Act, 28 U.S.C. § 2201.   See Objections at 7-8.   The Court finds that the Report is due to be adopted, as supplemented in this Order, and that Plaintiff's Objections are due to be overruled for the reasons explained below.

**A. Inherent Authority**

At the outset, the Court notes that it has the inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."   Landis v. N. Am. Co., 299 U.S. 248, 254-55, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936).   When addressing cases brought under the Declaratory Judgment Act, the Court has particularly wide latitude to exercise this authority because "'[t]here is …

---

[1]       Plaintiff does not object to the portion of the Report recommending that the Court deny the Motion to the extent it seeks to dismiss the action.   See Objections at 4 n.1.

nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court' to hear a declaratory judgment action."   <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 288, 115 S. Ct. 2137, 2143, 132 L. Ed.2d 214 (1995) (citation omitted).   The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."   28 U.S.C. § 2201(a) (emphasis supplied).

> Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. … The statute's textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface.

<u>Wilton</u>, 515 U.S. at 286-87, 115 S. Ct. at 2142-43.   In light of this undisputed broad discretion, Plaintiff's argument that Judge Klindt erred by not applying a balancing test to determine whether to allow the case to proceed is misplaced.   Notably, none of the cases Plaintiff cites in support of its argument addressed claims brought under the Declaratory Judgment Act.   <u>See</u> Objections at 4-5 (citing <u>Gold v. Johns-Manville Sales Corp.</u>, 723 F.2d 1068, 1075-76 (3d Cir. 1983), <u>Williford v. Armstrong World Indus., Inc.</u>, 715 F.2d 124, 127-28 (4th Cir. 1983), <u>Dunn v. Air Line Pilots Ass'n</u>, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993), and <u>McCabe v. Foley</u>, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).   Unlike the Declaratory Judgment Act, which "gives the federal courts competence to make a declaration of rights, [but] does not impose a duty to do so," <u>Ameritas</u>, 411 F.3d at 1330, when addressing other claims, "federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress." <u>Wilton</u>, 515 U.S. at 284, 115 S.

Ct. at 2141 (citing <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 813, 96 S. Ct. 1244, 1246, 47 L. Ed.2d 483 (1976)).   Plaintiff's cases address circumstances in which the court labored under its "'virtually unflagging obligation'" to decide cases, <u>see</u> <u>Wilton</u>, 515 U.S. at 284, 115 S. Ct. at 2141 (citation omitted), not its discretionary authority under the Declaratory Judgment Act.   Accordingly, the balancing test Plaintiff urges does not apply to actions brought under the Declaratory Judgment Act. <u>See</u> <u>Wilton</u>, 515 U.S. at 286-7, 115 S. Ct. at 2142-43 (explaining that the standard applicable to actions brought under the Declaratory Judgment Act differs from the ordinary case).

Pursuant to the Court's inherent authority to abstain from hearing matters over which it has subject matter jurisdiction, and as explained in the Report, the Court finds that the instant matter is premature and will not be ripe for adjudication until the Underlying Action is resolved.   <u>See</u> Report at 7.   Indeed, prudential considerations dictate that it is not "appropriate for this case to be litigated in a federal court by these parties at this time." <u>Nat'l Adver. Co. v. City of Miami</u>, 402 F.3d 1335, 1322 (11th Cir. 2005).

In the instant action, Plaintiff's duty to indemnify will necessarily turn on complex factual findings and issues of Florida law which are currently pending in the Underlying Action before the state court.   Specifically, to resolve the disputed indemnity obligations, the Court would have to determine whether the Association breached any implied warranties, <u>see</u> <u>Complaint</u>, Ex. B: Third Amended Complaint (Underlying Complaint) ¶¶ 46-53, violated Florida's Building Code, <u>id.</u> at ¶¶ 54-57, and breached its "duty to use reasonable care when constructing the Improvements and to contract the Improvements

in a workman like manner consistent with industry standard," id. at ¶¶ 58-61.   As the

Association explains in its Objection Response, a determination regarding whether the

Association is liable for covered property damage will require:

> determinations regarding when various types of damages began to occur
> at the various condominium buildings that are at issue in this action. Such
> findings cannot be made without testimony from expert witnesses, who will
> already be providing such evaluation and testimony for purposes of
> establishing the causation of damages in each of the claims set forth in the
> Underlying Action.

See Objection Response ¶¶ 26-27.   The Association further explains that a decision as to

whether one of Plaintiff's insurance policy exclusions apply:

> requires determinations regarding the type and causation of damages (i.e.,
> whether the damages were caused by fungus, water, blunt force; whether
> the work that resulted in injured property was performed by a
> subcontractor; identification of the scope of work that such subcontractor
> was performing; whether the injured property was included in the scope of
> work being performed by the subcontractor response for causing the injury;
> etc.).

Id. at ¶¶ 28-29; see also Carithers v. Mid-Continent Cas. Co., 782 F.3d 1240, 1249-51

(11th Cir. 2015) (performing an intricate factual analysis to determine whether damages to

brick, tile, a mud base and a balcony constituted covered property damage pursuant to the

nuanced distinction under Florida law between "a claim for the costs of repairing or

removing defective work, which is not a claim for 'property damage,' and a claim for the

costs of repairing damage caused by the defective work, which is a claim for 'property

damage.'") (quoting U.S. Fire Ins. Co. v. J.S.U.B., Inc., 979 So. 2d 871, 889 (Fla. 2007)).

Thus, the factual record is incomplete at this time, and the instant action is not yet ripe for

adjudication.   The Court would benefit from a more fully developed factual record upon

resolution of the Underlying Action.   Notably, even if the Court performed this inquiry and

determined that the damage, as alleged in the Underlying Complaint, is not covered, at this "preliminary stage in the proceedings, … it is still possible for the [underlying] plaintiff … to change the theory of liability and assert a claim that is covered by the policy at issue." Guar. Nat'l Ins. Co. v. Beeline Stores, Inc., 945 F. Supp. 1510, 1514 (M.D. Ala. 1996). Accordingly, any declaration as to Plaintiff's duty to indemnify would be premature until the Underlying Action is resolved.

In a recent case where necessary facts similarly remained to be adjudicated, this Court explained that a declaration regarding an insurer's duty to indemnify prior to a determination of an insured's liability is premature because the duty to indemnify is "dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims."   See Diamond State Ins. Co. v. Boys' Home Ass'n, Inc., 172 F. Supp. 3d 1326, 1342 (M.D. Fla. 2016).   Notably, an insurer is only obligated to indemnify the insured if the allegations in the complaint are correct and meritorious, see Jones v. Fla. Ins. Guar. Ass'n, 908 So. 2d 435, 443 (Fla. 2005); see also State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So. 2d 1072, 1077 n.3 (Fla. 1998) (holding that an insurer's duty to indemnify must be determined by analyzing the policy coverage in light of the actual facts in the underlying case, depends on the actual facts of the case).   Indeed, as one district judge has noted, in the Eleventh Circuit, "'[c]ase law is legion for the proposition that an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action.'"   Allstate Prop. & Cas. Ins. Co. v. Peluchette, No. 15-CV-80325-KAM, 2015 WL 11438215, **4-5 (S.D. Fla. Jul. 30, 2015) (citation omitted).   Consistent with this authority and given the need for resolution

of disputed factual issues being litigated in the Underlying Action, the Court is of the view that the proper course of action here is to stay this matter pending resolution of the Underlying Action.

## B. The <u>Ameritas</u> Factors

Plaintiff further challenges Judge Klindt's failure to apply the <u>Ameritas</u> factors.   <u>See</u> Objections at 8-10.   In <u>Ameritas</u>, the Eleventh Circuit promulgated the following list of factors for courts to consider in determining whether to exercise their discretionary authority under the Declaratory Judgment Act pending resolution of a related state proceeding:

(1) the strength of the state's interests in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'—that is, to provide an arena for <u>res judicata</u> or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

- 8 -

> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

See Ameritas, 411 F.3d at 1330-31.   Here, the Court relies on its inherent authority to stay this action, rather than on its discretionary authority under the Declaratory Judgment Act. Accordingly, it need not address the Ameritas factors.   See Interstate Fire & Cas. Co. v. McMurry Constr. Co., No. 6:16-cv-841-Orl-41TBS, 2017 WL 821746, *2 n.1 (M.D. Fla. Mar. 2, 2017) ("Because the Court finds that this case is not ripe for review under the ripeness doctrine, it need not address the abstention factors.").   However, even if the Court were to analyze the Ameritas factors, the Court would still find that a stay is appropriate.

As a preliminary matter, the Court notes that an analysis of the Ameritas factors is not improper simply because the issues and parties in the instant action are not identical to those in the Underlying Action.   See First Mercury Ins. Co. v. Excellent Computing Distribs., 648 F. App'x 861, 866 (11th Cir. 2016).[2]   That is:

> [a]lthough in Ameritas, [the Eleventh Circuit] reviewed the district court's discretionary dismissal of a federal declaratory judgment in the face of a parallel state proceeding—one involving substantially the same parties and substantially the same issues—[the Eleventh Circuit has] never held that the Ameritas factors apply only when reviewing parallel actions.   Indeed, nothing in the Declaratory Judgment Act suggests that a district court's discretionary authority exists only when a pending state proceeding shares substantially the same parties and issues.   Rather, the district court must weigh all relevant factors in this case, even though the state and federal actions were not parallel.

---

[2]        "Although an unpublished opinion is not binding …, it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Id.   Thus, even though the instant action and the Underlying Action are not parallel, these factors are helpful to the Court's evaluation of whether a stay is appropriate.

The Eleventh Circuit has emphasized that in considering the suggested factors, courts ought to consider principles of "'federalism, efficiency, and comity.'"   Ameritas, 411 F.3d at 1330-31 (citation omitted).   The court also advised that the "list [of factors] is neither absolute nor is any one factor controlling."   Id.   Indeed, courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings."   Wilton, 515 U.S. at 286, 115 S. Ct. at 2142.   Here, the Court finds that factors (1), (3), (7), (8) and (9) warrant a stay of this case pending resolution of the Underlying Action, and the remaining factors do not weigh against granting a stay.

First, the Court finds that the first and ninth factors both suggest that Florida has a strong interest in hearing this case, as "there is a nexus between the underlying factual and legal issues and state law."   Houston Speciality Ins. Co. v. La Gazzetta, LLC, No. 15-21756-Civ-COOKE/TORRES, 2015 WL 9258096, at *2 (S.D. Fla. Dec. 18, 2015).   Here, this case is before the Court based on diversity jurisdiction.   See Complaint ¶ 5.   As such, the Court will apply the substantive law of the forum state, Florida.   See Salve Regina Coll. v. Russell, 499 U.S. 225, 226, 111 S. Ct. 1217, 1218, 113 L. Ed.2d 190 (1991) ("Erie mandates that a federal court sitting in diversity apply the substantive law of the forum State, absent a federal statutory or constitutional directive to the contrary.").   In these situations:

> [t]he … Ameritas factors, which touch on concerns of comity, weigh heavily in favor of abstention.   Florida law, not federal law governs the substantive issues presented in this case, giving Florida a strong interest in having the controversy decided in state court.   Indeed, there is no substantive federal

> nexus to this cause of action—[Plaintiff]'s claim presents only state law issues, and its public policy implications affect only Florida insurance contracts.  Given Florida's strong interest in this case and its marginal significance elsewhere, federal jurisdiction over this action would only encroach on the province of the state court.  Resolution by a state trial court, with review by a state appellate court, is therefore preferable.

GEICO General Ins. Co. v. Lacayo, No. 1:15-cv-20582-KMM, 2015 WL 4464020, at *2 (S.D. Fla. Jul. 21, 2015) (citations omitted).  Plaintiff brings this action under the Declaratory Judgment Action "pursuant to a Florida insurance policy. … No federal law governs [Plaintiff]'s claims and [Plaintiff] asserts no independent causes of action. Florida, therefore, has a much stronger interest in this case, which would be decided under Florida law, than does this Court."  Hartford Steam Boiler Inspection & Ins. Co. v. Brickellhouse Condo. Ass'n, Inc., No. 16-cv-22236-GAYLES, 2016 WL 5661636, at *4 (S.D. Fla. Sept. 30, 2016); see also Mount Vernon Fire Ins. Co. v. 8010 S. Lake Drive, LLC, No. 13-80636-CIV-MIDDLEBROOKS/BRANNON, 2013 WL 12089975, at *3 (S.D. Fla. Oct. 4, 2013) ("The Florida tribunal is just as well positioned as this Court to resolve the parties' indemnity and duty to defend claims, especially since that is where the underlying dispute will play out.").  Accordingly, the Court finds that Florida has a strong interest in determining the Association's liability.

Additionally, the Court finds that the third factor favors abstention.  As far as "whether this federal declaratory action serves a useful purpose in terms of clarifying the legal relations at issue, … [i]t is the view of this Court that clarification can only be determined upon resolution of the [disputed factual issues in the] state proceeding."  Penn Millers Ins. Co. v. AG-Mart Produce, Inc., No. 8:05-CV-1852-T-17TBM, 2006 WL 2864402, at *2 (M.D. Fla. Oct. 5, 2006), aff'd, 260 F. App'x 175 (11th Cir. 2007); see also Great

Lakes Reinsurance (UK) PLC v. TLU Ltd., 298 F. App'x 813, 816 (11th Cir. 2008) (affirming a district court's granting of a stay because "there [wa]s no indication that the federal case would serve a 'useful purpose,' and it [wa]s clear that the factual issues, including … whether the type of damage the Insureds[ ] … sustained would be covered by the policy, would be important to the resolution of the federal case.").

Next, the Court finds that the seventh factor weighs in favor of abstention.   The underlying factual issues are not only important to an informed resolution of the case, but they are essential, as they "must be resolved in order to proceed in federal court."   Penn Millers, 2006 WL 2864402 at *2.   Not only does the duty to indemnify depend on the actual facts in the underlying case, see CTC Dev. Corp., 720 So. 2d at 1077 n.3, but the insurance policies themselves provide that Plaintiff's duty to indemnify the Association is triggered only when the the Association becomes legally obligated to pay damages.   See Complaint, Ex. A: Mid-Continent Casualty Company's Policies issued to Nassau Builders Inc. at 11, 61 ("We will pay those sums that the insured becomes legally obligated to pay as damages because of … 'property damage' to which this insurance applies.").   Plaintiff argues that because the issues involved in the parallel lawsuits are not identical, abstention is not warranted.   See Objections at 10.   In this regard, Plaintiff contends that "the underlying suit alleges claims against [the Association] for defective and negligent workmanship," whereas "this suit does not involve whether the work was defective," but only "addresses whether [Plaintiff] has a duty to indemnify its insured for the damages that were allegedly caused by that defective work."   Id.   Although the issues are not mirror images, they substantially overlap in critical respects.   In order to issue a declaration

regarding the duty to indemnify, the Court must have an understanding of the Association's liability.

As to the eighth factor, the Court finds that the state trial court is in a far better position to determine the Association's liability.  As explained, this liability hinges on complex factual issues dependent on expert evaluation and testimony.  <u>See</u> Objection Response ¶¶ 26-27; <u>see also</u> <u>Carithers</u>, 782 F.3d at 1249-51.

> Simply put, since the trier of fact is <u>presently</u> the state court, then that is where all of the evidence, arguments, and testimony are currently being displayed for the eyes of a sitting jury.  Now, if the federal court were to decide this issue of … damages and indemnification, it too would have to sit through a full trial to discover all of the facts that are based on this same evidence, arguments, and testimony.  This would essentially make the federal district court the trier of fact contemporaneously with [the] state court for the same exact action, which doesn't exactly bode well for 'judicial economy.'

<u>Penn Millers</u>, 2006 WL 2864402 at *2; <u>see also</u> <u>Hartford Steam Boiler Inspection & Ins. Co.</u>, 2016 WL 5661636 at *4 ("[I]t is a far better use of judicial economy for the state to determine these coverage issues as part of the entire litigation than for this Court to determine only a small piece."); <u>Houston Speciality Ins. Co.</u>, 2015 WL 9258096, at *2 ("The underlying state action is ongoing and the state court, with its added familiarity of the issues, is already assessing the disputed material issues at bar.").  Therefore, given the costs associated with trying the same issues twice and the time spent duplicating efforts, the Court find's Plaintiff's argument that resolution of this matter will not "waste … judicial resources" unavailing.  <u>See</u> Objections at 10.[3]

---

[3]     Plaintiff cites <u>Feldman v. Flood</u>, 176 F.R.D. 651, 652 (M.D. Fla. 1997) to suggest that "motions to stay proceedings have a harmful effect on the case management process and are contrary to Local Rule 3.05." <u>See</u> Objections at 5.   However, <u>Feldman</u> is inapposite because the court addressed the propriety of a motion to stay discovery pending resolution of a motion to dismiss, rather than a motion to stay an action

Although an analysis of the <u>Ameritas</u> factors is unnecessary because the Court has determined under its inherent authority that the instant action is not yet ripe for adjudication, a stay would still be appropriate even if the Court were to evaluate these factors.   Accordingly, to the extent Plaintiff objects to Judge Klindt's recommendation to stay the instant action pending resolution of the Underlying Action, the Objections are due to be overruled.

### C. <u>Higgins</u>

Plaintiff also objects to the Report to the extent that Judge Klindt rejected <u>Higgins v. State Farm Fire & Cas. Co.</u>, 894 So. 2d 5 (Fla. 2004).   <u>See</u> Objections at 7-8.   In <u>Higgins</u>, the court sets forth three factors to guide the determination of whether to allow a Florida declaratory judgment action to proceed in the face of a parallel state litigation.   <u>See</u> <u>Higgins</u>, 894 So. 2d at 16-17.   <u>Higgins</u> advises courts to consider: (1) "what issues are involved in the two actions"; (2) "whether proceeding to a decision as to the insurance indemnity issue will promote settlement and avoid the problem of collusive actions between claimants and insureds in order to create coverage where coverage does not exist under the facts"; and (3) whether the insured "has resources independent of insurance" such that "it would be immaterial to the claimant whether the insured's conduct was covered or not covered by indemnity insurance."   <u>Higgins</u>, 894 So. 2d at 16-17. Plaintiff contends that pursuant to <u>Higgins</u>, a stay is inappropriate because a declaration

_____

brought under the Declaratory Judgment Act pending resolution of an underlying state liability action.   176 F.R.D. at 651.

regarding Plaintiff's duty to indemnify could help facilitate a settlement in the Underlying Action.   See Objections at 7-8.

The Court adopts Judge Klindt's conclusion that Higgins is not binding because Plaintiff brings the instant action under the federal Declaratory Judgment Act, which is procedural.   See Report at 8-9 (citing Burlington Ins. Co. v. Wilford Roofing Co., 3:13-cv-944-J-39MCR, 2015 WL 12546284, *2 (M.D. Fla. Mar. 11, 2015)).   However, to the extent that Higgins is helpful to the Court's determination regarding whether to abstain from exercising jurisdiction, pursuant to its inherent authority or discretionary authority under the Declaratory Judgment Act, Higgins' utility is limited because it fails to take comity principles into consideration.   The Supreme Court has cautioned that:

> [g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.   Where a district court is presented with [this scenario], it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court.   This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there.

Brillhart v. Excess Ins. Co. of Am., 316 U.S. 495, 495, 62 S. Ct. 1173, 1175-76, 86 L. Ed. 1620 (1942).   As discussed, the factual issues before the Court in the instant action substantially overlap with those in the Underlying Action.   Indeed, principles of comity, not addressed in Higgins, dictate that the Court should avoid indulging in a "gratuitous interference" with the Underlying Action by resolving these issues before the state court has addressed them.   Florida has a strong interest in resolving these factual disputes. Further, the Court notes that although issuing a declaration regarding Plaintiff's duty to indemnify might help facilitate a settlement, this would not provide "a sufficient reason to

exercise jurisdiction prior to any determination of the insured's obligations to the injured party."  Emp'rs Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc., 387 F. Supp. 2d 1205, 1211-12 (S.D. Ala. 2005).   Indeed, this potential benefit would be outweighed by "'considerations of federalism, efficiency, and comity.'"  Ameritas, 411 F.3d at 1330-31 (citation omitted).   Accordingly, to the extent Higgins is helpful to the Court's determination regarding abstention, it does not alter the Court's conclusion that a stay is appropriate here.

The Court agrees with Judge Klindt's recommendation that the Motion should be granted to the extent it seeks a stay pending resolution of the Underlying Action, and denied to the extent it seeks dismissal.   "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy."  Wilton, 515 U.S. at 288 n.2, 115 S. Ct. at 2143 n.2 (citation omitted); see also Sindermann v. Perry, 430 F.2d 939, 945 (5th Cir. 1970) ("[A] court whose jurisdiction is invoked ordinarily should stay its hand until the matter has been made ripe for court adjudication.").[4]   Accordingly, the Court finds that a stay pending resolution of the Underlying Action is appropriate in the instant action.

## III.    Conclusion

Upon independent review of the file and for the reasons stated in the Report, as supplemented here, the Court finds that a stay pending resolution of the Underlying Action

---

[4]        The Court notes that Sindermann v. Perry, 430 F.2d 939, 945 (5th Cir. 1970) is binding precedent. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

is appropriate.   As such, the Court will overrule the Objections and will accept and adopt the legal and factual conclusions that Judge Klindt recommends, as supplemented here. Accordingly, it is **ORDERED:**

1. Mid-Continent Casualty Company's Objections to Magistrate's Report and Recommendation on Motion to Dismiss or Stay Complaint for Declaratory Relief (Doc. 25) as supplemented by its Notice of Filing Supplement Authority (Doc. 26) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 24), as supplemented in this Order, is **ADOPTED** as the opinion of the Court.

3. Defendant's Motion to Dismiss Plaintiff's Complaint for Declaratory Relief or, in the Alternative, Motion to Stay and Memorandum of Law in Support (Doc. 8) is **GRANTED, in part,** and **DENIED, in part.**

   a. The Motion is **GRANTED** to the extent that the case is stayed until the Underlying Action is resolved.

   b. The Motion is **DENIED** to the extent that Defendant seeks to have this case dismissed.

4. The case is **STAYED** pending resolution of the Underlying Action.

5. The parties are directed to file a status report with this Court on **July 3, 2017**, and every **90 days thereafter**, advising the Court of the status of the Underlying Action.

6. The Clerk of the Court is **DIRECTED** to administratively close this case pending further Order of the Court.

**DONE AND ORDERED** in Jacksonville, Florida this 31st day of March, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc25
Copies to:

Honorable James R. Klindt
United States Magistrate Judge

Counsel of Record